UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-3-TLS |
| | ) | |
| LAMONTAE WHITE | ) | |

**OPINION & ORDER**

On September 29, 2011, this Court sentenced Defendant Lamontae White to forty-six months imprisonment upon his plea of guilty to violating 18 U.S.C. § 922(g)(1). On February 27, 2012, the Defendant requested that the Court modify his sentence on grounds that his Guideline range was based upon a provision of the Guidelines that had previously been deleted. Finding that the probation officer had properly calculated the Guideline range using the 2010 edition of the Guidelines manual, the Court denied the Defendant's request. The Defendant has filed a Motion for Reconsideration or Alternatively Notice of Appeal [ECF No. 53]. In this same Motion, the Defendant requests that he be granted leave to appeal in forma pauperis.

In its Order denying modification of the Defendant's sentence, the Court explained that two points were added to the Defendant's criminal history category under Guideline § 4A1.1(d) because the Defendant committed the federal offense while on parole for burglary. (Presentence Investigation Report ¶ 65; USSG § 4A1.1(d) (requiring the addition of two points "if the defendant committed the instant offense while under any criminal justice system sentence, including probation, parole, supervised release, imprisonment, work release, or escape status").) The Defendant's request for modification was based on the erroneous conclusion that he had been assessed points under an entirely different provision, § 4A1.1(e), which are commonly referred to as recency points. In reality, the Defendant's Motion was deficient on several levels.

Although the Defendant invoked 18 U.S.C. § 3582(c)(2), the circumstances to invoke that statute were not present—even if he had been assessed recency points and even if they had been assessed subsequent to Amendment 742, which eliminated these points. Amendment 742 is not one of the amendments listed in U.S.S.G. § 1B1.10(c) and thus has not been made retroactively applicable to cases sentenced prior to the Amendment taking effect. Neither was the Motion one that the Court should have construed as a motion under 28 U.S.C. § 2255. Claims that a sentencing judge misapplied the sentencing Guidelines are not, as a general matter, cognizable under § 2255. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 240 (7th Cir. 1993)). For these reasons, the Court declines to find that it erred in denying the Defendant's Motion for Modification of Sentence Pursuant to the Recency Act of 2010.

Turning to his appeal, Federal Rule of Appellate Procedure 24(a)(3) provides:

> [a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.

Fed. R. App. P. 24(a)(3). To find that an appeal is taken in good faith, the court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

For the reasons already stated, the Court certifies that the Defendant's appeal is not taken in good faith, **DENIES** the Motion for Reconsideration [ECF No. 53], and **DENIES** the Motion to Proceed In Forma Pauperis [ECF No. 53] that is embedded within that Motion. The Clerk is directed to provide notice as required by Federal Rule of Appellate Procedure 24(a)(4). The

Plaintiff has thirty days from the date of receiving such notice in which to ask the court of appeals to allow him to proceed in forma pauperis. Fed. R. App. P. 24(a)(5).

SO ORDERED on March 30, 2012.

                                                 s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT